NOT DESIGNATED FOR PUBLICATION

No. 123,720

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRISS CLAY,
*Appellant*,

v.

DAN SCHNURR, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed October 29, 2021. Appeal dismissed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellees.

Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.

PER CURIAM: Criss Clay timely appeals the district court's dismissal of his K.S.A. 60-1501 petition after a nonevidentiary hearing, arguing prison officials prevented him from exhausting his administrative remedies. Finding the issues now presented are moot, we dismiss the appeal.

FACTS

On August 31, 2020, Clay filed a petition for writ of habeas corpus pursuant to K.S.A. 2020 Supp. 60-1501. Attached to his petition was an inmate grievance form

1

detailing allegations of abuse by corrections officers; specifically, Clay asserted he was illegally strip searched. Clay signed the grievance form, which was dated July 22, 2020. However, the form contained no signature or date indicating if or when it was received by prison officials. The respondent, Warden Dan Schnurr of the Hutchison Correctional Facility, filed a motion to dismiss on the grounds Clay did not number the factual assertions in his petition and failed to establish he exhausted his administrative remedies.

The district court held a nonevidentiary hearing on September 23, 2020. After allowing the parties to present their arguments, the district court dismissed Clay's petition for (1) failure to state a claim upon which relief could be granted, and (2) failure to allege and prove he exhausted his administrative remedies. After Clay's appeal was docketed, Schnurr filed a notice of change in custodial status pursuant to Supreme Court Rule 2.042 (2021 Kan. S. Ct. R. 18), indicating Clay had been released to postrelease supervision on October 30, 2020. We issued an order to show cause why the appeal should not be dismissed as moot in light of Clay's release from prison. In their responses, both parties agreed Clay was no longer incarcerated.

ANALYSIS

*Standard of Review*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2020 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Inmates must exhaust administrative remedies before filing a civil claim against state actors and prison facilities. The inmate must establish he or she exhausted available administrative remedies within the original petition. K.S.A. 75-52,138.

*Mootness*

Schnurr persuasively urges us to dismiss this case as moot based on Clay's release. In contrast, Clay asserts in his response to our show-cause order the matter should be considered on the merits because the issue "can happen to other inmates or to [Clay] in the future if he is ever incarcerated again."

Our Supreme Court has held: "[I]n the context of an action pursuant to K.S.A. 60-1501 courts are constitutionally prohibited from providing purely advisory opinions. See *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, 210 P.3d 105 (2009); *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 897, 179 P.3d 366 (2008)." *Johnson*, 289 Kan. at 655-56. Any opinion from this court would be purely advisory because the steps an inmate took to exhaust his or her administrative remedies is a unique factual question in each case. Likewise, any actions by prison officials in handling the inmate's grievance will be factually specific in every case. Here, "an appellate judgment on the merits would [not] have meaningful consequences for any purpose, including future implications." *State v. Roat*, 311 Kan. 581, 592-93, 466 P.3d 439 (2020). Accordingly, we dismiss this appeal as moot.

Appeal dismissed.